**IN THE UNITED STATES DISTRICT COURT**
   **FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| D.C. MASON BUILDERS, INC. | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-15-46 |
| | * | |
| BANCROFT CONSTRUCTION CO. | * | |
| | ****** | |

**MEMORANDUM**

JLN Construction Services, LLC, the third party defendant, has filed a motion to compel mediation and arbitration. Defendant Bancroft Construction Co. does not oppose the motion. Plaintiff does oppose the motion. The motion will be granted.

JLN's motion requests that this action be stayed pending an arbitration between JLN and plaintiff pursuant to a provision in the contract between JLN and plaintiff. The relationship of the parties is this: defendant, was the general contractor on a project in Stevensville, Maryland; JLN was a subcontractor of defendant; and plaintiff was a sub-subcontractor of defendants who contracted with JLN. Plaintiff, which is a minority contractor, alleges that defendant violated 42 U.S.C. §1981 by discriminating against it. Plaintiff has sued defendant but not JLN. Defendant brought a third party action against JLN.

I am satisfied that I have supplemental jurisdiction over defendant's third party complaint against JLN and JLN's motion to compel. This is not a case in which plaintiff, like the plaintiff in *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365 (1978), arguably did not sue a putative third-party defendant to circumvent the rule that there must be complete diversity between a plaintiff and defendants. Rather, as plaintiff itself asserts, it purposely sued only defendant on the ground that defendant discriminated against it.

I agree with plaintiff that the claims it asserts against defendant are not covered by the arbitration clause between JLN and plaintiff.  However, whether or not plaintiff performed its obligations under its subcontract with JLN is an issue that necessarily must be resolved in determining whether defendant discriminated against plaintiff.  The subcontract between JLN and plaintiff requires that performance issues be arbitrated.  While the outcome of the arbitration may not be dispositive of plaintiff's claims against defendant, JLN and plaintiff agreed that performance issues would be resolved by an arbitrator.  The arbitrator's decision may be relevant to a determination whether defendant discriminated against plaintiff.  Accordingly, it is both in the interest of the efficient resolution of this litigation and in the interest of effectuating the intent of JLN and plaintiff as expressed in the arbitration provision in their subcontract that this action be stayed pending arbitration of the performance issues.

A separate order granting JLN's motion to compel arbitration and staying this action is being entered herewith.


Date:  February 4, 2016              ____/s/_____
                                     J. Frederick Motz
                                     United States District Judge